UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WHITE | CIVIL ACTION NO. 15-2021 |
| VERSUS | DISTRICT JUDGE DEE D. DRELL |
| HUNT OIL COMPANY | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is plaintiff's motion for leave to amend, doc. #12, referred to me by the District Judge for Report and Recommendation. In June 2015 plaintiff sued Hunt Oil Company (Hunt) in state court for so-called legacy damages–that is, environmental damages–to oil and gas producing property which plaintiffs own. The defendant, which is alleged to have produced oil and gas on the property, timely removed the case based on complete diversity jurisdiction. On September 22nd, plaintiff filed the instant motion to add as defendants the property's mineral servitude owners. The amendment would destroy diversity because the servitude owners are Louisiana residents.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, either consent of the opposing party or leave of court is required.

The declaration enunciated in Rule 15 that leave to amend shall be freely given when justice so requires is a mandate. Foman v. Davis, 371 U.S. 178, 182 (1962). If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. Id. The presumption in favor of liberal amendment

reflects two of the most important principles behind the Federal Rules of Civil Procedure: (1) pleadings are to serve the limited role of providing notice to the opposing party of the claim or defense to be litigated, and (2) mere technicalities should not prevent cases from being decided on the merits. Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 283 (2nd Cir. 2000).

The Fifth Circuit Court of Appeals has held that "the circumstances in which the rule permits denial of leave to amend are limited," Ynclan v. Department of the Air Force, 943 F.2d 1388, 1391 (5th Cir. 1991), and that a motion to amend "should not be denied unless there is a substantial reason to do so." Jacobsen v. Osbourne, 133 F.3d 315, 318 (5th Cir. 1998). The Supreme Court has declared that "[i]n the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" Foman, 371 U.S. at 182; see also Jacobsen, 133 F.3d at 318.

If, after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the case to state court. 28 U.S.C. §1447(e).

In considering whether to allow a diversity-destroying amendment, the court should consider: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for the amendment; (3) whether plaintiff will be significantly injured if the amendment is not allowed; and (4) any other relevant factors. Hensgens v. Deere & Company, 833 F.2d 1179, 1182 (5th Cir. 1986).

Here, the court should exercise its discretion to deny the amendment because adding the non-

diverse defendant would destroy the court's jurisdiction.

Plaintiff did not seek to add the servitude owners as defendants until 3 months after suit was filed and then did so only after defendant removed the case. The fact that a motion to do so was not filed until after removal is some evidence that the amendment seeks only to destroy this court's jurisdiction. See Penny Realty, Inc. V. Southwest Capital Servs', Inc., 2008 WL 2169437 (WDLA 2008). The proposed Amended complaint alleges that plaintiffs discovered the contamination upon receipt of a report in November 2014. Therefore, plaintiffs had 10 months in which to discover the proper parties defendant.

Plaintiffs purchased the land in 2000. Plaintiffs must have known of the decades old reservation of mineral rights and, therefore, the existence of mineral servitude owners, when they purchased the property and examined the title to it.

Further, it does not appear that plaintiffs would be significantly injured if the servitude owners are not named. They can still be sued in state court. More to the point is the fact that they are mere servitude owners and it is alleged that they acted through their lessee, Hunt. The case boils down to whether Hunt damaged the property.

Neither plaintiffs nor defendants have suggested the applicability of any other factors or considerations concerning whether the proposed diversity destroying amendment should be allowed and I am aware of none.

Therefore, finding that the primary purpose of the amendment is to destroy this court's jurisdiction, that the proposed amendment was not timely filed, and that the harm to plaintiffs if the amendment is not allowed will be negligible, especially as compared to defendant's right to choose federal jurisdiction,

IT IS RECOMMENDED THAT plaintiff's motion to amend, doc. #12, be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. .  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a  final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 21st day of October, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE