RECEIVED
FEB - 4 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CLIFFORD WHITE, ET AL. | CIVIL ACTION NO. 1:15-cv-2021 |
| -vs- | JUDGE DRELL |
| HUNT OIL COMPANY | MAGISTRATE JUDGE PEREZ-MONTES |

## JUDGMENT

Before the court is the Report and Recommendation of the Magistrate Judge pertaining to Plaintiffs' Motion to Amend their complaint. For the reasons stated in the Report and Recommendation of the Magistrate Judge (Doc. 21) previously filed herein, and after an independent, de novo, review of the record including the objections filed, and having determined that the findings and recommendation are correct under the applicable law, Plaintiffs' Motion to Amend (Doc. 12) will be **DENIED**.

In so ruling, we must first address plaintiffs' argument that the court was required to remand the case when it initially granted the motion to amend. (See Docs. 15, 19). By history, we see the motion to amend was initially referred to the Magistrate Judge for the purpose of preparing a Report and Recommendation. (Doc. 14). A few days later, however, the Magistrate Judge (apparently inadvertently) granted the motion. Hunt Oil moved for reconsideration. (Doc. 18).

When a pretrial matter is not dispositive of a party's claim and the Magistrate Judge issues a written order stating the decision, "a party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). Here, Defendant, Hunt Oil, timely filed its objections to the Magistrate Judge's apparently inadvertent Order, which was properly vacated,

1

as the Magistrate Judge did not prepare the Report and Recommendation ordered by the court. Vacating the order merely placed the matter in the same posture which had been ordered by the undersigned.

Next, we must address plaintiffs' reasoning for not originally joining the mineral servitude owners in the suit. Courts have recognized that when a plaintiff states a valid claim against a defendant, it may be unlikely that the primary purpose of bringing additional defendants into the litigation is to destroy diversity jurisdiction. See e.g., Penny Realty Inc. v. Southwest Capital Services, Inc., 2008 WL 2169437 (W.D. La. May 23, 2008). Plaintiffs tell us in their objections that the potential to have the property restored to its original condition by the mineral servitude owners—rather than some lesser restoration by the mineral lessee—"is what prompted the Plaintiffs to seek to add the servitude owners."

Here, Plaintiffs were fully aware of their potential cause of action against the mineral servitude owners when it filed the state court action. Plaintiffs' assert that an assignment of rights from the mineral servitude owners "needed to be done before suit so as to avoid potential problems associated with the assignment of litigious rights." However, La. Civ. Code art. 2652—which governs the sale of litigious rights—specifically excludes the right of redemption when an assignment has been made to "a possessor of the thing subject to the litigious right."[1] Plaintiffs are the landowners of the alleged contaminated property, which is the thing subject to the litigious right. Thus, the rational for not originally including the mineral servitude owners is unconvincing.

---

[1] Plaintiffs were obviously aware of this provision because the assignment agreement with several of the mineral servitude owners specifically noted, "Assignors and Assignees acknowledge that Assignees are good faith possessors of the Property." (Doc. 23-1 p. 3).

2

SIGNED on this 3rd day of February, 2016 at Alexandria, Louisiana.

                                                          DEE D. DRELL, CHIEF JUDGE
                                                        UNITED STATES DISTRICT COURT