RECEIVED
MAR 29 2018
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CLIFFORD M. WHITE and JENNIE BELLE WHITE | CIV. ACT. NO. 15-2021 |
| -vs- | JUDGE DRELL |
| HUNT OIL COMPANY | MAG. JUDGE PEREZ-MONTES |

### RULING

Before the court is a motion for summary judgment filed by defendant, Hunt Oil Company ("Hunt"). (Doc. 41). The court carefully considered the motion, as well as all briefs filed in support of and in opposition to the motion and now finds as follows.

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 (5th Cir. 2011)(internal quotations omitted). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

Here, Plaintiffs correctly observe that the court did not allow an amendment to the pleadings to allow them to sue as post-suit assignees. As observed in the report and recommendations (Doc. 21) prior to our order denying amendment, a separate claim could still be filed in state court. Thus, although Hunt is seeking to have the claims by Plaintiffs as assignees

dismissed, those claims are not before this court. In this regard, Hunt's motion must and will be denied.

However, regarding Plaintiffs' claims under the Right of Way Agreement (Doc. 44-1), we are pointed in the filings to the undisputed fact that the right of way at issue does not apply to Plaintiffs' land, but instead to a different quarter-section of Section 6 land. Axiomatically, a right of way on other property does not provide a safe harbor in a legacy suit otherwise covered by the recent case of Guilbeau v. Hess Corp., 854 F.3d 310 (5th Cir. 2017). In Guilbeau, the Fifth Circuit reaffirmed the "subsequent purchaser rule" and confirmed that, absent express agreements conveying pre-purchase damage claims, such rights do not pass to the purchaser with the property.

Plaintiffs' claims in this case are premised upon the aforementioned assignment of rights and Right of Way Agreement. Because we find the Right of Way Agreement to be inapplicable, we find that Hunt's motion for summary judgment should be granted as to all claims except those that arise from the assignment, which we have already found is not properly before this court.

Given our findings as to this motion, the court further finds that there are no remaining issues in the case and it should and will be dismissed with prejudice by separate judgment.

Alexandria, Louisiana
March 29, 2018

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT